Filed: 7/26/2017 1:03 PM
Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 18443172

CAUSE NO. 429-03437-2017

| | | |
|---|---|---|
| REBECCA TOOMEY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TARGET CORPORATION, | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Rebecca Toomey (hereafter "Plaintiff"), complaining of and against Target Corporation (hereafter "Defendant"), and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this cause under Level 2 of Texas Rules of Civil Procedure. Responses to discovery requests are due fifty (50) days from the date Defendant is served with this Petition.

### II. PARTIES AND SERVICE

Plaintiff resides in Collin County, Texas.

Defendant, Target Corporation, is a Texas Corporation. Defendant may be served by serving its registered agent: CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. VENUE

Venue is proper in Collin County because the events that gave rise to this cause of action occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE ANN. §15.002(a)(1).

## IV. TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff prefers to have a judge or a jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the jury or judge's hands. However, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is required to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that the monetary relief sought is more than $100,000.00, but not more than $200,000.00.

## V. JURISDICTION

This Court has jurisdiction as Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

## VI. FACTS

Plaintiff would respectfully show this Court that on or about October 27, 2015, Rebecca Toomey was an invitee on the premises owned, leased and/or controlled by Defendant, Target Corporation, at their location of 150 East Stacy Road, Suite 2400, Allen, Texas 75002. At the time of the incident Plaintiff was shopping at said location. As Plaintiff was shopping, she stepped onto the hard floor, which was unusually slippery and without any traction, which caused her to fall without any warning of the condition for which Defendant had actual and/or constructive knowledge beforehand. As a result of the violent fall, Plaintiff suffered severe and debilitating injuries which required medical treatment or other compensable losses that are ongoing and accumulating.

## VII. CAUSES OF ACTION

At all relevant times, Defendant was guilty of general negligence, gross negligence, negligent hiring, negligent training and supervision, negligent maintenance, and/or malice

toward Plaintiff in the following respects:

    A.    In failing to adequately warn the Plaintiff of the unreasonably unsafe condition on the premises;

    B.    In failing to make said condition reasonably safe;

    C.    In failing to adequately repair the unreasonably unsafe condition after having knowledge of its existence;

    D.    In failing to supervise its employees actions on property maintenance and repair

    E.    In failing to properly train its employees in properly maintaining common areas on the property; and

    F.    In failing to properly supervise its employees in the execution of their duties.

As a direct and proximate result of these and other acts and omissions, whether taken singularly or in any combination, Defendant injured Plaintiff who at all times acted free from any contributing negligence. Plaintiff has sustained damages which Defendant is obligated to compensate due the acts and/or omissions alleged herein against it.

## VIII. DAMAGES

Plaintiff sustained personal injury, pain, suffering, mental anguish, lost income, diminished earning capacity, disfigurement, physical impairment both past and future, and has incurred past medical treatment. In addition, Plaintiff may require further treatment into the future and continues to suffer the aforementioned damages and injuries into the foreseeable future. The aforementioned medical treatment and expenses were both paid and/or incurred as well as reasonable and necessary. Plaintiff's damages exceed the minimum jurisdictional limits of this Court.

## IX. DISCOVERY REQUESTS
### Instructions

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

### Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Defendant," "you," or "your" means Target Corporation, unless otherwise specified.

2. "Plaintiff and/or Plaintiffs" means Rebecca Toomey unless otherwise specified.

3. "Party" or "parties," as well as party's full or abbreviated name or a pronoun referring to a party, means the party, and where applicable, his or its agents, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with him or it, or under his or its control, whether directly or indirectly, including any attorney.

4. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

7. "Communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

8. "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. "Identify" or "describe," when referring to a person, means you must state the following:

    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone numbers.
    d. The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request.

e. In the case of any entity, identify the officer, employee, or agent most closely connect with the subject matter of the request and identify the officer who is responsible for supervising that officer or employee.

10. "Identify" or "describe," when referring to a document, means you must state the following:

   a. The nature (e.g. letter, handwritten note) of the document.
   b. The title or heading that appears on the document.
   c. The date of the document and the date of each addendum, supplement, or other addition or change.
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.
   e. The recent location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

11. The word "and" means "and/or." The word "or" means "or/and."

12. The "date" referred to in the following requests and questions is October 27, 2015.

13. The "accidental injury," "incident," and/or "accident" referred to in the following requests is the accident which occurred on October 27, 2015 at the Target store located at 150 East Stacy Road, Suite 2400, Allen, Texas 75002 as set forth in this Petition.

14. A "writing" as referred to in the following interrogatories is any written or recorded documentation, memorandum, notes, electronic data transfer, reports, records; and any other similar or comparable recondition of information.

## RULE 194 REQUESTS FOR DISCLOSURE TO DEFENDANT

Please take notice that pursuant to Rule 194, you, Defendant, are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## INTERROGATORIES TO DEFENDANT

INTERROGATORY NO. 1.

Identify any and all persons, excluding employees of the law firm representing this Defendant, that are answering or responding to the discovery propounded by the Plaintiff to the Defendant by name, title, address, and in what capacity he/she and/or they are answering this discovery on behalf of the Defendant.

ANSWER:

INTERROGATORY NO. 2.

In regards to Interrogatory No. 1, identify as to each person, if more than one, which portions of discovery each person so identified is answering and/or assisting in the answers or responses hereto.

ANSWER:

INTERROGATORY NO. 3.

If the defendant or any of the Defendant's representatives has obtained any photographs or video recordings of the scene of this accident and/or persons involved, state for each such photograph or video recordings:

    a. the date on which the photograph or video recording was taken;
    b. the time at which the photograph or video recording was taken;
    c. the identity, including name, address and job title, of the person who took the photograph or video recording;
    d. the nature of the scene the photograph or video recording depicts; and
    e. the identity, including name, address and job title, of the person who has present custody of the photograph or video recording;
    f. the chain of custody log regarding the photograph or video recording;
    g. whether and to what extent there have been any alterations to the photograph or video recording, for what purpose and identify all persons involved.

ANSWER:

INTERROGATORY NO. 4.

Identify each person who is expected to be called to testify at trial, excluding your experts, and provide any and all information therein pursuant to Tex. R. Civ. P. 192.3(d).

ANSWER:

INTERROGATORY NO. 5.

Identify each expert witness who is expected to be called to testify at trial and provide any and all information therein pursuant to Tex. R. Civ. P. 192.3(e).

ANSWER:

INTERROGATORY NO. 6:

Was it in the regular course of the business of Defendant to conduct a post-accident investigation into the incident made the basis of this cause, whether litigation was anticipated or not? If so, state whether an investigation was conducted concerning the incident, the dates when it occurred, and the name(s), address(es), and telephone number(s) of the investigator(s).

ANSWER:

**INTERROGATORY NO. 7:**

State the person(s) by name, address, and telephone number who is (are) familiar with the incident and the circumstances surrounding the incident.

ANSWER:

**INTERROGATORY NO. 8:**

Please describe in your own words how the incident occurred and state specifically and in detail what the claims, contentions, and/or theories of each Defendant are regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which this contention is based.

ANSWER:

**INTERROGATORY NO. 9:**

Describe any insurance agreement under which any insurance company or business may be liable to satisfy part or all of the Judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such Judgment and state the name and address of the insurer, the name and address of all insured(s), and the amount of any liability insurance coverage.

ANSWER:

**INTERROGATORY NO. 10:**

Identify by name, last known residential address and phone numbers, any and all employees employed by Defendant at this store location whether working or not on the date of the incident. Include for each employee identified, their title at the time of the incident, their start date and end date of employment with Defendant and/or at this store location, if still employed by defendant, their physical location where they report for work and a summary of their duties at this store location both at the time of this incident and currently.

ANSWER:

**INTERROGATORY NO. 11:**

State the names, addresses and telephone numbers of all persons making claims and/or filing lawsuits against you alleging personal injuries during the five (5) years prior to the incident.

ANSWER:

INTERROGATORY NO. 12:

Please state whether or not you know, or have a copy, of any statement which the Plaintiff or any other person with knowledge of relevant facts has previously made concerning this cause or its subject matter and which is in your possession, custody or control.

For the purpose of this Interrogatory, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it or (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

If so, state the name, address, and telephone number of the person giving the statement; the date of the statement; the name, address, and telephone number of the person taking the statement; and the name, address, and telephone number of the person(s) who now has possession of such statement.

ANSWER:

INTERROGATORY NO. 13:

How often did you inspect the premises, including the safety of signs within the store?

ANSWER:

INTERROGATORY NO. 14:

Identify every person who has impeachment or rebuttal evidence and describe the evidence each person has. If you have enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, you must provide that information.

ANSWER:

**REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

REQUEST FOR PRODUCTION NO. 1:

Any and all statements pertaining to the claim made by Plaintiff, whether such statement is written, recorded, transcribed, or preserved in some other manner. If no written transcript has been made of any such statement, request is hereby made that such a written transcript be prepared and a photocopy delivered to Plaintiff's attorneys or that the tape or other whatever object containing any such statement be delivered to Plaintiff's attorneys so such a written transcript can be prepared.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:

Any taped recordings of or written notes regarding conversations between any persons which are relevant to the issues made the subject of this litigation. If no written transcript has been made of any such taped or recorded conversation, request is hereby made that such a written transcript be prepared and a photocopy delivered to Plaintiff's attorneys or that the tape or other whatever object containing any such recording be delivered to Plaintiff's attorneys so such a written transcript can be prepared.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:**

Regarding any experts you have consulted concerning this litigation or the incident in question (except experts which you positively aver will not testify in the trial of this action):

a. A copy of every report or other document in writing that has been prepared by or at the direction of the expert witness. If any such report has not been reduced to written form, it is requested that a written report be produced and delivered to Plaintiff's attorneys;

b. A copy of each and every photograph, chart, graph, note, investigative report, document, object, thing, and material of any nature that has been provided to and/or examined by, reviewed, or tested by or for the expert witness;

c. All compilations of data, including all computer run sheets, tables, graphs, physical models, and all things, objects, and other documents and material of any nature prepared by or for the expert in anticipation of his/her testimony in this cause;

d. All documents related in any way to the qualifications of each expert, including his/her curriculum vita, resume, education, training, and experience;

e. All documents related in any way to the cases in which each expert has previously provided an opinion, whether in deposition or trial testimony or not; and

f. All documents regarding your agreements with each such expert and how you have and/or will compensate each such expert.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:**

All photographs, slides, film and/or tapes taken or made regarding the claim made the basis of this cause and/or of Plaintiff, any party, and/or any potential witness, for surveillance or otherwise, and all documents indicating in any way who made or took any such photographs, slides, film, and/or tapes; where they were made or taken; and who has possession of the originals at present.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:**

All documents and materials of any nature you intend to offer into evidence in this cause.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:**

All incident reports, medical and hospital records, narratives and other documents concerning Plaintiff's reporting of injury and/or the incident which is the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All bills from physicians, hospitals, clinics, radiologists, therapists, pharmacists and any other bill, invoice, correspondence or other document concerning the charges for treatment or any other medical care you allegedly have paid or have been paid on your behalf as a result of Plaintiff's injury and/or the incident which is the basis of this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

All depictions, graphs, illustrations, charts, pictures, models or any other demonstrative items or documents pertaining to the incident which is the subject of this cause and all documents indicating in any way who made any such items, materials, or documents; where they were made; and who has possession of the originals at present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

A copy of any portion or excerpt of any statute, treatise, periodical, or pamphlet or other written or published materials relevant to the issues in this cause.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

All documents and materials of any nature concerning Defendant's contention that Plaintiff was not injured from this incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Letters, correspondence, memoranda of any conversations, and all documents of any nature exchanged between Defendant's employees, agents, attorneys, or representatives and Plaintiff (or Plaintiff's representatives or attorneys) related to the subject matter of this lawsuit.

**RESPONSE:**

REQUEST FOR PRODUCTION NO. 12:

All documents and material of any nature upon which Defendant relies in contending that neither it nor its employees, servants, representatives, or agents were negligent as alleged in Plaintiff's pleadings in this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:

All documents and material of any nature upon which Defendant relies in contending that neither it nor its employees, servants, representatives, or agents violated any statute regarding the incident which is the subject of this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:

All documents and material of any nature upon which Defendant relies in contending that neither it nor its employees, servants, representatives, or agents acted with malice toward Plaintiff with regard to the incident which is the subject of this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 15:

Produce the entire claim and investigations file of your insurance company, including, but not limited to, statements, reports, videotapes, drawings, memoranda, photographs, and documents, regarding the accident generated or obtained by Defendant, Defendant's agents, or Defendant's insurers in the ordinary course of business. Note that this information is generally not work product and contains discoverable information. *See In re Ford Motor Co.* 988 S.W.2d 714, 719 (Tex. 1998), *Dunn Equip. v. Gayle*, 725 S.W.2d 372, 374-375 (Tex.App.—Houston [14th dist.] 1987, orig proceeding).

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:

Copies of all documents and materials each such of your consulting witnesses has been provided and/or has reviewed, examined, or tested and of all documents related in any way to the opinion(s) held by each such consultant, the qualifications of each consultant, and how you have compensated or will compensate each such consultant.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:

Copies of all documents of any nature related in any way to Plaintiff, any party, and/or any potential witness in this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:

Copies of all criminal and/or quasi-criminal convictions, Judgments, decisions, and/or determinations made against you within the five (5) years preceding the incident which forms the basis of this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:

Produce any and all correspondence, communication, letters, notes, of oral conversations, and all other documents or writings sent to or received from or exchanged by and between you and your carrier concerning the subject matter of this lawsuit, including, but not limited to, any damage to you, the vehicle in which you were riding, damage to any personal property, and any personal injuries. Note that the this information is generally not work product and is usually discoverable. *See In re Ford Motor Co.* 988 S.W.2d 714, 719 (Tex. 1998), *Dunn Equip. v. Gayle,* 725 S.W.2d 372, 374-375 (Tex.App.—Houston [14th dist.] 1987, orig proceeding).

RESPONSE:

REQUEST FOR PRODUCTION NO. 20:

Produce all documents, correspondence, memoranda, notes, or e-mails regarding communications between your insurance company and any Plaintiff's insurance company regarding the accident and/or the Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:

Copies of all documents documenting the transfer of ownership of Defendant in the last ten (10) years if it affected potential liability for the incident which forms the basis of this cause in any way.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:

Copies of all papers documenting the legal status, name, and address of each corporation, general partnership, limited partnership, proprietorship, joint venture, or other business entity which is a Defendant or potential Defendant in this cause both on the date of the incident which

---

forms the
basis of this cause and at present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:

Copies of all papers documenting claims and/or lawsuits against you alleging personal injuries and/or wrongful death within in the five (5) years prior to Plaintiff's date of injury.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:

Copies of all agreements, payments, and other documents of any nature related in any way to the relationship between any other Defendants in this cause within the past five (5) years.
RESPONSE:

REQUEST FOR PRODUCTION NO. 25:

Produce a copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the accident including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:

Copies of all documents of any nature related in any way to the floor in question that injured Plaintiff.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27:

Copies of all documents of any nature related in any way to the incident in question, excluding work-product and attorney client information or public filings already provided to counsel for Plaintiff. If an assertion of privilege is made, please produce a log identifying what items for which you are asserting a privilege.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28:

Produce any and all settlement agreements, deals, contracts, understandings, "Mary Carter" agreements, or compromises between you or your representatives and any other party, potential party, or potential third party defendant to this suit or its representatives, agents or insurers regarding any compromise, settlement, apportionment of liability or financial responsibility, contingent or otherwise, or alignment of the parties on any issue with respect to:

    a. The accident;
    b. Plaintiff's damages;
    c. The presentation of any testimony;
    d. Whether or how to conduct any cross examination;
    e. The performance of discovery; and/or
    f. The presentation of any defense, excuse, or inferential rebuttal.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29:

Produce all documents and tangible things which support your contention that:
    a. any act or omission on the part of Plaintiff caused or contributed to the accident
    b. any factor, other than a. above contributed to or was the sole cause of the accident, including but not limited to, acts or omissions of negligence of any other party or parties, or potential third-party Defendants, sudden emergency, unavoidable accident, mechanical defect or act of God;
    c. any factor caused or contributed to the Plaintiff's damages, including but not limited to, pre-existing or subsequently existing physical or medical condition or conditions of the Plaintiff;
    d. any or all of the medical expenses incurred by Plaintiff for treatment of injuries allegedly resulting from the accident were not reasonable and/or necessary.
    e. Plaintiff's injuries, if any, were not the result of or caused by the accident.

RESPONSE:

REQUEST FOR PRODUCTION NO. 30:

Copies of all documents of any nature related in any way to the control, supervision, and/or instructions given to any employees or workers regarding the installation and/or maintenance of the sign in question from its earliest date to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31:

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to properly train its employees, agents, subcontractors, and/or workers on the premises with regard to installation and/or maintenance of the sign in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to properly train its employees, agents, subcontractors, and/or workers on the premises with regard to installation and/or maintenance of the sign in question.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to inspect the premises to discover any dangerous condition prior to the incident and subsequent to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to inspect the premises in order to monitor compliance with company safety policies and procedures prior to the incident and subsequent to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to inspect the premises in order to correct any unsafe practice or condition prior to the incident and subsequent to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to warn invitees on the premises that a possibly dangerous condition existed prior to the incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

Copies of all documents of any nature related in any way to the efforts by or on behalf of Defendant to implement a safety program to protect the invitees at its store.

RESPONSE:

REQUEST FOR PRODUCTION NO. 38:

Copies of all documents of any nature related in any way to the criminal and/or immigration records of any party or witness in this cause.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39:

Copies of your privilege log for any and all information or documents responsive in whole or in part to Plaintiff's discovery requests which have been withheld on the basis of any privilege and copies of all documentation related in any way to the privilege(s) on which each such withholding is based.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40:

Copies of all documents of any nature indicating who had care and/or control of the premises for safety and security purposes at the time of the incident and/or on any date prior to the incident as well as subsequent to the incident.

RESPONSE:

## X. NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XI. PRAYER

**WHEREFORE**, Plaintiff respectfully requests that Defendant be cited to appear and answer, that all matters herein be tried by a jury of their peers, and that on final trial Plaintiff be awarded judgment against Defendant for the following:

a. Actual medical bills in and for Plaintiff, which are necessary and reasonable for these types of services in Collin County, Texas; and for future medical attention in amounts

unknown at this time;

b. Monetary damages for Plaintiff, for past physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

c. Monetary damages of Plaintiff for future physical pain and suffering and mental anguish as found to be reasonable and just by the trier of fact;

d. Physical and wage impairment as determined by the trier of fact;

e. Pre and post judgment interest at the maximum legal rate;

f. Cost of Court; and

g. For such other and further relief, at law or in equity, to which Plaintiff will be justly entitled.

Respectfully submitted,

**MODJARRAD | ABUSAAD | SAID LAW FIRM**
212 West Spring Valley Road
Richardson, Texas 75081
Tel: (972) 789-1664

By: _____
**MOHAMAD SAID**
Texas Bar No. 24061101
msaid@modjarrad.com
**JULIE WOLF**
Texas Bar No. 24051542
jwolf@modjarrad.com
**KIMBERLY P. CHARTER**
Texas Bar No. 24062662
kcharter@modjarrad.com
**SHAWN W. SAJJADI**
Texas Bar No. 24077884
ssajjadi@modjarrad.com
**ATTORNEYS FOR PLAINTIFF**